## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Eileen Cooper <br>         Debtor | CHAPTER 13 |
| U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT <br>         Movant <br> vs. | NO. 17-11232 ELF |
| Eileen Cooper <br>         Debtor | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire <br>         Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. On or before November 30, 2019, the Debtor shall make the monthly mortgage payment for November in the amount of $1,015.76.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due December 1, 2019 in the amount of $1,015.76.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date: November 18, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date:_____

David S. Gellert, Esquire
Attorney for Debtor

Date: 12/6/19

Scott F. Waterman, Esquire
Chapter 13 Trustee

# ORDER

Approved by the Court this 11th day of December, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank