United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Eileen Cooper  
    Debtor

Case No. 17-11232-elf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-4     User: DonnaR     Page 1 of 1     Date Rcvd: Dec 12, 2019  
                  Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 14, 2019.  
db          +Eileen Cooper,   10 East Wilson Avenuve,   Wernersville, PA 19565-1311

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                      TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 14, 2019                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 12, 2019 at the address(es) listed below:

        BRIAN CRAIG NICHOLAS    on behalf of Creditor    U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com  
        DAVID S. GELLERT    on behalf of Debtor Eileen  Cooper dsgrdg@ptdprolog.net  
        DAVID S. GELLERT    on behalf of Plaintiff Eileen  Cooper dsgrdg@ptdprolog.net  
        LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com  
        REBECCA ANN SOLARZ    on behalf of Creditor    U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT bkgroup@kmllawgroup.com  
        SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com  
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
                                                                                            TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Eileen Cooper <br>                 Debtor | CHAPTER 13 |
| U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT <br>                 Movant <br> vs. | NO. 17-11232 ELF |
| Eileen Cooper <br>                 Debtor | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire <br>                 Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. On or before November 30, 2019, the Debtor shall make the monthly mortgage payment for November in the amount of $1,015.76.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due December 1, 2019 in the amount of $1,015.76.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date: November 18, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: _____

David S. Gellert, Esquire
Attorney for Debtor

Date: 12/6/19

Scott F. Waterman, Esquire
Chapter 13 Trustee

# ORDER

Approved by the Court this 11th day of December, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank